Sheri M. Thome, Esq.
Nevada Bar No. 008657
Shawn A. Mangano, Esq.
Nevada Bar No. 006730
**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
6689 Las Vegas Blvd. South, Suite 200
Las Vegas, Nevada 89119
Telephone: 702.727.1400
Facsimile: 702.727.1401
Email: Sheri.Thome@wilsonelser.com
Email: Shawn.Managano@wilsonelser.com
*Attorneys for Defendants*
*Eric Dobberstein and Eric Dobberstein, PLLC*
*d/b/a Dobberstein Law Group*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| ALPHA ENERGY AND ELECTRIC INC., <br><br> Plaintiff, <br><br> v. <br><br> ERIC DOBBERSTEIN and ERIC DOBBERSTEIN, PLLC d/b/a DOBBERSTEIN LAW GROUP, <br><br> Defendants. | Case No. 2:24-cv-02052-APG-NJK <br><br> **STIPULATION TO EXTEND DISCOVERY DEADLINES** <br><br> **(SECOND REQUEST)** |

Plaintiff Alpha Energy and Electric, Inc. ("Plaintiff") and Defendants Eric Dobberstein and Eric Dobberstein, PLLC d/b/a Dobberstein Law Group (collectively referred to as "Defendants"), by and through their undersigned counsel of record, hereby submit the following Stipulation to Extend Discovery Deadlines in accordance with LR 26-3 and LR IA 6-1.

This is the second request to extend the deadlines in the scheduling order (ECF No. 22) and counsel submits that the request is brought in good faith, supported by good cause in compliance with LR 26-3, addresses whether excusable neglect exists, and is not intended to cause delay.

**A.    DISCOVERY COMPLETED TO DATE (LR 26-3(a))**

  1.   The Rule 26(f) conference was held on February 14, 2025.

  2.   Plaintiff and Defendants served their initial disclosures on March 7, 2025.

  3.   On March 14, 2025, Plaintiff served its first set of interrogatories, requests for

313445419v.1

production of documents, and request for admissions to Defendant Eric Dobberstein, PLLC.

4. Defendants served their first set of interrogatories, requests for production of documents, and request for admissions to Plaintiff on March 19, 2025.

5. On May 2, 2025, Defendant Eric Dobberstein, PLLC served its responses to Plaintiff's first set of requests for production and interrogatories.

6. On May 7, 2025, Plaintiff served its responses to Defendants' first set of requests for admission, first set of interrogatories, and first and second sets of requests for production of documents.

**B.     DISCOVERY THAT REMAINS TO BE COMPLETED (LR 26-3(b))**

The parties anticipate completing the following discovery:

1. Additional written discovery as needed in follow-up to initial round of discovery;

2. Conducting the depositions of Defendants and Plaintiff's designated representative pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, both of which are currently scheduled for May 21, 2025 and May 27, 2025 respectively;

3. Subpoenas to potential third parties for records, including subsequent counsel and parties to case that is the "underlying case" for purposes of this legal malpractice case;

4. Expert disclosures; and

5. Depositions of parties, potential third-party witnesses, and expert witnesses.

**C.     REASONS WHY DEADLINE WAS NOT SATISFIED/GOOD CAUSE FOR REQUEST (LR 26-3(c))**

The depositions of Plaintiff's representatives and Defendant Dobberstein are currently scheduled for May 21, 2025 and May 27, 2025 respectively. Given these scheduled deposition dates, the parties do not anticipate having transcriptions back from the court reporter in sufficient time to allow their designated experts time to review, analyze and include them in their initial reports prior to the current June 2, 2025 disclosure deadline. Moreover, Defendants' expert will be out of the jurisdiction from May 25, 2025 through June 1, 2025, thereby further compressing the available time to adequately review, analyze and prepare his initial report. Based on the foregoing, and in an attempt to propose the most limited extension of time necessary to alleviate the above issues without

313445419v.1

impacting the remaining deadlines in this case, the parties are requesting a 14-day extension of the initial and rebuttal expert deadlines in order to provide deposition transcripts to their experts for review and preparation of their expert reports. Without an extension, experts will have to issue reports without the benefit of the deposition testimony and then supplement thereafter, which will involve increased expense. This extension will not affect the remaining discovery deadlines.

**D.   PROPOSED DISCOVERY SCHEDULE (LR 26-3(d))**

| Description | Current Deadline | **Proposed Deadline** |
|---|---|---|
| Last Day to Amend Pleadings or Add Parties | Unchanged | **Unchanged** |
| Last Day to Disclose Initial Expert Reports | June 2, 2025 | **June 16, 2025** |
| Last Day to Disclose Rebuttal Experts | July 2, 2025 | **July 16, 2025** |
| Last Day to Complete Discovery | July 30, 2025 | **Unchanged** |
| Last Day to File Dispositive Motions | August 29, 2025 | **Unchanged** |
| Last Day to File Joint Pre-Trial Order | September 29, 2025 or 30 days after a ruling on dispositive motions, if any are filed | **Unchanged** |

///

///

///

///   IT IS SO ORDERED.                                   Nancy J. Koppe
     Dated: May 22, 2025                             United States Magistrate Judge

///

///

///

///

///

///

///

///

///

///

-3-

313445419v.1